United States District Court
Southern District of Texas
**ENTERED**
July 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MICHAEL POWELL, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:14-CV-580 |
| § | |
| STATE FARM LLOYDS, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is the motion for summary judgment,[1] filed by Defendant State Farm Lloyds ("State Farm") and Defendant Gaylen Kim Massey ("Massey") (collectively "Defendants"). Michael Powell ("Mr. Powell") and Estela Powell ("Mrs. Powell") (collectively "Plainiffs") did not timely respond to the motion for summary judgment but did file an unopposed motion for leave to file their untimely response,[2] as well as an untimely response.[3] Plaintiffs have also filed a motion for a continuance of Defendants' motion for summary judgment.[4] Additionally, State Farm has filed an unopposed motion for leave to allow it to file a third amended answer.[5]

After considering the motions, responses, record, and relevant authorities, the Court **GRANTS** Plaintiffs' motion for leave to file their untimely response, **DENIES** Plaintiffs' motion for continuance of Defendants' motion for summary judgment, **GRANTS** Defendants' motion for summary judgment, and **DENIES** the motion for leave to file a third amended answer as moot.

---

[1] Dkt. No. 54 ("Motion for Summary Judgment").
[2] Dkt. No. 56.
[3] Dkt. No. 57 ("Response").
[4] Dkt. No. 55 ("Motion for Continuance").
[5] Dkt. No. 52.

## I. Background

Plaintiffs' claims arise from damage sustained to their property as a result of an alleged March 29, 2012 hail storm in Hidalgo County.[6] On March 30, 2012, Plaintiffs reported an insurance claim to State Farm.[7] Thereafter, State Farm had the property inspected on April 7, 2012, estimating the amount of loss at $17,446.71.[8] State Farm then issued a payment to Plaintiffs in the amount of $9,996.41 after applying depreciation and deductible.[9] On April 23, 2012, Plaintiffs sent State Farm documentation indicating that repairs to their roof had commenced. On April 26, 2012 State Farm issued payment to Plaintiffs in the amount of $2,985.60 for the replacement cost benefits for Plaintiffs' roof,[10] and began to close the claim.[11] Thereafter, Plaintiffs had no other contact with Defendants regarding the claim prior to filing the instant suit.[12]

On April 3, 2014, Plaintiffs filed the instant lawsuit in state court alleging various insurance related causes of action against Defendants.[13] Subsequently, on July 2, 2014, Defendants removed the case to this Court.[14] On February 6, 2015, Plaintiffs invoked the appraisal provision of the insurance policy at issue,[15] which provides in relevant part:

> If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can

---

[6] Dkt. No. 1, Exh. 1 at p. 7.
[7] Dkt. No. 54, Exh. B at p. 2.
[8] *Id.* at p. 3.
[9] *Id.*
[10] *Id.*
[11] Dkt. No. 54, Exh. B-1 at p. 2.
[12] Dkt. No. 54, Exh. B at p. 3.
[13] Dkt. No. 1, Exh. 1 at p. 5.
[14] Dkt. No. 1.
[15] Dkt. No. 54, Exh. B at p. 3.

ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss.[16]

Thereafter, the Court abated the case pending completion of the appraisal process.[17]

On May 6, 2016, the parties appeared before the Court for a status conference and apprised the Court that an appraisal award signed by the umpire and appraiser for State Farm had been issued but not yet received by State Farm.[18] Furthermore, State Farm indicated at the status conference that it intended to issue payment once it received a copy of the award.[19] Consequently, the Court lifted the abatement,[20] and the instant motion was filed. The Court now addresses the motions before the Court.

### II. Summary Judgment Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] A fact is "material" if its resolution could affect the outcome of the action,[22] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[23] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[24]

---

[16] Dkt. No. 54, Exh. A at p. 31.
[17] Dkt. No. 30.
[18] *See* Minute Entry for May 6, 2016.
[19] *Id*.
[20] *Id*.
[21] FED. R. CIV. P. 56(a).
[22] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc*., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[23] *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[25] In this showing, "bald assertions of ultimate fact" are insufficient.[26] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[27] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[28] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[29] This demonstration must specifically indicate facts and their significance,[30] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[31]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[32] Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[33] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[34] Parties may cite to any part of the record, or bring evidence in the

---

[25] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[26] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[27] *See Celotex Corp.*, 477 U.S. at 323.
[28] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).
[29] *See id.*
[30] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[31] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[32] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[33] *See id.*
[34] *See* FED. R. CIV. P. 56(e).

motion and response.[35] By either method, parties need not proffer evidence in a form admissible at trial,[36] but must proffer evidence substantively admissible at trial.[37]

### III. Discussion

#### A. *Motion for Leave to File Untimely Response*

As an initial matter, the Court addresses Plaintiffs' motion for leave to file an untimely response to Defendants' motion for summary judgment. Under Rule 6(b) of the Federal Rules of Civil Procedure, the Court may afford Plaintiffs additional time to file their response if the Court finds Plaintiffs failed to file it timely because of excusable neglect. As basis for the motion, Plaintiffs apprise the Court that although the deadline for responding to the motion for summary judgment expired July 1, 2016, and on that day they filed a motion for continuance of the motion for summary judgment, "Plaintiffs . . . mistakenly did not file Plaintiffs' Response to Defendants' Motion for Summary Judgment" because of "a clerical error[.]"[38] Moreover, Plaintiffs state that "[u]pon realization that their Response . . . had not yet been filed, Plaintiffs . . . immediately fil[ed] this Unopposed Motion for Leave . . . and contemporaneously file[d] their Response[.]"[39]

The Court understands that mistakes sometimes occur. However, the Court cautions Plaintiffs that it is still their responsibility to make sure that they comply with all deadlines imposed by the Court. Nevertheless, in light of the fact that the motion for leave was filed on the next business day and that it is unopposed, the Court finds that the relief requested will not prejudice Defendants. Thus, the Court finds Plaintiffs' neglect excusable. Accordingly, the Court

---

[35] *See* FED. R. CIV. P. 56(c).
[36] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[37] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[38] Dkt. No. 56 at ¶ 2.
[39] *Id.* at ¶ 5.

**GRANTS** Plaintiffs' motion for leave to file a response to the motion for summary judgment. Furthermore, the Court will consider the untimely filed response as Plaintiffs' actual response.

### B. *Plaintiffs' Motion for Continuance*

The Court now addresses Plaintiffs' motion for continuance of Defendants' motion for summary judgment. Generally, Plaintiffs allege in their motion for continuance that the motion for summary judgment is premature, asserting that insufficient discovery has been completed to allow Plaintiffs to properly respond to the motion for summary judgment.[40] Plaintiffs request the Court continue Defendants' motion for summary judgment "until such time that Plaintiffs has [sic] been afforded reasonable time to conduct meaningful discovery[.]"[41]

Rule 56(d) provides courts with discretion to defer ruling on a motion for summary judgment or to allow a nonmoving party additional time to obtain further discovery.[42] In order to obtain such relief, however, the nonmovant must show "by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition."[43] In this manner, the nonmovant must set forth "how additional discovery will create a genuine issue of material fact."[44] Relief under Rule 56(d) is not warranted if either (1) the proffered basis does not present a reasonable likelihood that further discovery would produce evidence creating a fact issue,[45] or (2) such evidence would not create fact issues for each essential element of the nonmovant's claim.[46]

---

[40] *See* Motion for Continuance at ¶ 13.
[41] *Id.* at ¶ 29.
[42] FED. R. CIV. P. 56(d).
[43] *Id.* (emphasis added).
[44] *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 448 (5th Cir. 2001) (citing Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1395 (5th Cir. 1994)).
[45] *Beverly v. Wal-Mart Stores, Inc.*, 428 F.App'x 449, 451 (5th Cir. 2011) ("If it reasonably appears that further discovery would not produce evidence creating a genuine issue of material fact, the district court's preclusion of further discovery prior to entering summary judgment is not an abuse of discretion.") (quoting *Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993)).
[46] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's cause necessarily renders all other facts immaterial.")

Here, Plaintiffs indicate in their motion for continuance that they would like to take "depositions from which Plaintiffs could elicit testimony showing Defendants' breaches of the insurance contract and bad faith in handling Plaintiffs' insurance claim."[47] Furthermore, Plaintiffs assert that they "need additional time to take the deposition of State Farm's corporate representatives, as well as of the individual adjuster(s) who, on its behalf, actively participated in the investigation of Plaintiffs' claim[.]"[48] Nevertheless, the Court finds that Plaintiffs have failed to identify any additional discovery likely to create a fact issue as to each essential element.

As Plaintiffs recognize, "the parties agreed to submit the determination of the amount of loss to appraisal,"[49] and the issued appraisal award determined the amount of loss in this case on May 16, 2016.[50] Thus, the Court will discuss the implications of the appraisal award on the breach of contract claim and extra-contractual claims below. In doing so, the Court will specifically address Plaintiffs' ineffectiveness in creating a fact issue preventing summary judgment. On the basis of the standard discussed above, and the reasons more fully set forth below, the Court **DENIES** Plaintiffs' motion for continuance.

### C. Breach of Contract Claim

Defendants' argument in favor of summary judgment proceeds sequentially to address the claim for breach of contract before the extra-contractual claims, a rubric which the Court finds helpful for the analysis.

Defendants claim that Plaintiffs are estopped from maintaining a breach of contract claim as a matter of law based on State Farm's timely payment of the appraisal award.[51] Because federal jurisdiction is invoked on the basis of diversity of citizenship, this Court, *Erie*-bound,

---

[47] Motion for Continuance at ¶ 22.
[48] *Id*. at ¶ 23.
[49] *Id*. at ¶ 3.
[50] Dkt. No. 54, Exh. B at p. 3.
[51] *See* Motion for Summary Judgment at ¶ 6.

must adhere to grounds of relief authorized by the state law of Texas.[52] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[53]

Indeed, in Texas, "[t]he effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."[54] In breach of contract cases where liability derives from an allegation that the insurer wrongfully underpaid a claim, Texas law dictates that the insured is estopped from maintaining a breach of contract claim when the insurer makes a proper payment pursuant to the appraisal clause.[55] Accordingly, in the instant case, Plaintiffs are effectively foreclosed from bringing a breach of contract claim due to State Farm's payment of the appraisal award, unless Plaintiffs successfully raise an issue of fact as to the validity of the appraisal process, or on some distinct contractual provision.

Here, State Farm timely responded to the initial claim and State Farm paid the appraisal award to Plaintiffs five business days after receiving the award.[56] Nevertheless, Plaintiffs contend that State Farm is still in breach of contract because it "cannot show that State Farm has tendered full payment of the appraisal award according to the terms of the policy."[57] Specifically, Plaintiff points out that "State Farm has only paid the actual cash value portion of the appraisal award" and that "[t]o this day, Plaintiffs have not received the replacement cost benefits they

---

[52] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[53] *Id*. (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[54] *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Wells v. American States Preferred Ins. Co.,* 919 S.W.2d 679, 683-85 (Tex. App.—Dallas 1996, writ denied)).
[55] *See Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012) (internal quotation marks and citation omitted).
[56] Dkt. No. 55, Exh. B at p. 3.
[57] Response at ¶ 18.

contracted for[.]"[58] Thus, Plaintiffs assert that Defendants "cannot show that State Farm has tendered full payment of the appraisal award according to the terms of the insurance policy."[59] The Court finds this argument unpersuasive.

Under the terms of the contract, State Farm must pay "only the actual cash value at the time of the loss[.]"[60] Furthermore, the contract states that "when the repair is actually completed, [State Farm] will pay the covered additional amount [Plaintiffs] actually and necessarily spend to repair or replace the damaged part of your property."[61] Moreover, the contract provides that in order to receive additional payments on a replacement cost basis, Plaintiffs must have completed the repairs to the property within two years from the date of loss. As noted earlier, the date of loss in this case is March 29, 2012. Thus, strictly adhering to the terms of the contract, the parties can no longer comply with this provision.

However, when State Farm paid the appraisal award, it advised Plaintiffs that they could still receive replacement cost benefits because State Farm would not count any of the time between when it initially inspected the property on April 7, 2012 to when the appraisal award was paid on May 23, 2016. Furthermore, State Farm specifically extended the time for Plaintiffs to complete repairs until May 14, 2018.[62] Thus, contrary to the two year provision under the contract, State Farm is affording Plaintiffs more than six years from the original date of loss to recover replacement cost benefits.

The Court fails to see how State Farm is in breach of contract simply by extending the time period by which Plaintiffs must complete these repairs in order to receive replacement cost benefits. This extension of time inures to Plaintiffs' benefit alone. Therefore, the Court finds that

---

[58] *Id*.
[59] *Id*.
[60] Dkt. No. 54, Exh. A at p. 8.
[61] *Id*.
[62] Dkt. No. 54, Exh. B-7 at p. 2.

the existence, timely payment, and acceptance of the binding and enforceable appraisal award estops Plaintiffs from asserting their breach of contract claim, and that summary judgment as to this claim is appropriate.

### D. Extra-Contractual Claims

Plaintiffs allege extra-contractual claims against State Farm for (1) committing violations of Chapters 541 and 542 of the Texas Insurance Code; (2) engaging in fraud and conspiracy to commit fraud; and (3) breaching the common law duty of good faith and dealing. Additionally, Plaintiffs allege extra-contractual claims against Massey for committing violations of Chapters 541 of the Texas Insurance Code and engaging in fraud and conspiracy to commit fraud. The Court commences its analysis of these claims by recognizing the principle that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."[63] The exceptions to this rule are the insurer's (1) failure to timely investigate the insured's claim or (2) commission of "some act, so extreme, that would cause injury independent of the policy claim."[64]

Defendants generally argue that Plaintiffs cannot maintain any extra-contractual causes of action because State Farm promptly investigated Plaintiffs' claim and timely tendered the appraisal award.[65] Moreover, Defendants contend that Plaintiffs cannot succeed on their extra-contractual claims because they are derivatively precluded by Plaintiffs defunct breach of

---

[63] *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994)). The Court is mindful that the Fifth Circuit has certified to the Texas Supreme Court the question of "[w]hether, to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an insurer that wrongfully withheld policy benefits, an insured must allege and prove an injury independent from the denied policy benefits?" *In Re Deepwater Horizon*, 807 F.3d 689, 701 (5th Cir. 2015). However, here, there is no evidence to raise a fact issue that State Farm wrongfully withheld benefits.
[64] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).
[65] Motion for Summary Judgment at ¶ 13.

contract claim.[66] Lastly, Defendants argue Plaintiffs fail to allege facts that would give rise to an independent injury claim.[67]

### i. Bad Faith Claims

In Texas, the common-law bad faith standard for breach of the duty of good faith and fair dealing is imputed to statutory liability under the Texas Insurance Code; both extra-contractual claims share the same predicate for recovery, such that evidentiary insufficiency is equally dispositive.[68] Relevant to the disposition of this case, the Texas Supreme Court has held that an insured's bad faith claims must fail as a result of the Court's resolution of the breach of contract claim in the insurer's favor, unless the insured can demonstrate actions or omissions that caused an injury independent of those that would have resulted from the wrongful denial of the policy benefits.[69]

To the extent Plaintiffs even sufficiently alleged extra-contractual claims in their original petition, the bad-faith causes of action relate solely to Defendants' investigation and handling of Plaintiffs' policy claim. Plaintiffs do not allege that these claims extend beyond the coverage dispute. Thus, far from providing evidence creating a genuine issue of material fact on these claims, Plaintiffs have failed to even allege an action which would constitute an independent injury. Accordingly, the Court **GRANTS** summary judgment in Defendants' favor on Plaintiff's common-law and statutory claims of bad faith.

---

[66] *Id*. at ¶ 11.
[67] *Id*. at ¶ 13.
[68] *See Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied); *Texas Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc*., 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, review denied) (citing *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922–23 (Tex. 2005) (per curiam)).
[69] *Great Am. Ins. Co. v. AFS/IBEX Fin. Services, Inc.*, 612 F.3d 800, 808 n.1 (5th Cir. 2010) (internal citation omitted).

### ii. Prompt Payment of Claims

Similarly, Plaintiffs brought a claim under Chapter 542 of the Texas Insurance Code against State Farm for its alleged failure to timely pay Plaintiffs' claims. In Texas, courts have constantly held that "full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."[70] Here, it is undisputed that State Farm timely issued payment of the appraisal award. Furthermore, as previously noted, State Farm has afforded Plaintiffs until May of 2018 to complete the repairs to the property in order to receive replacement cost benefits.

Thus, because Plaintiffs have failed to allege an action which would constitute a violation independent of the now-resolved payment dispute, the Court **GRANTS** summary judgment in State Farm's favor on this claim as well.

### iii. Fraud & Conspiracy

Lastly, Defendants pray that the Court dismiss all the remaining claims as a matter of law, as they are derivative of Plaintiffs' defunct breach of contract claim.[71] To the extent these allegations even properly state a claim, Defendants have sufficiently showed the absence of a genuine issue of material fact by proffering evidence of proper completion of the appraisal process and tendering of payment. In contrast, Plaintiffs have failed to offer evidence to the contrary. As a result, the Court **GRANTS** summary judgment in favor of Defendants as to

---

[70] *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.—Houston [14th Dist.] 2010, no pet. h.) (collecting cases), *overruled on other grounds*, *In re Cypress Texas Lloyds*, No. 14-11-00713-CV, 2011 WL 4366984, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2011, no pet. h.) (mem. op.).
[71] Motion for Summary Judgment at ¶ 16.

Plaintiffs' fraud and conspiracy claims.

## IV. Holding

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for leave to file their response and **DENIES** Plaintiffs' motion for continuance of Defendants' motion for summary judgment. The Court hereby **GRANTS** Defendants' motion for summary judgment in its entirety and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. State Farm's motion for leave to amend is **DENIED** as moot. Finally, the Court reserves the right to address Rule 11 issues. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of July, 2016.

_____
Micaela Alvarez
United States District Judge